IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMAR ELADIO HERNANDEZ MAZARIEGOS,

Petitioner,

v.                                                                          No. 1:26-cv-01604-KG-JFR

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Wilmar Eladio Hernandez Mazariegos's pro se Petition

for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6.  Petitioner also

moves for a Temporary Restraining Order ("TRO"), Doc. 1 at 1.  Because Petitioner presents a

purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his

immediate release.  His request for a TRO is denied moot.  Doc. 1 at 1.

## I.    *Background*

Petitioner, a citizen and national of Guatemala, entered the United States without

inspection or parole near El Paso, Texas approximately 11 years ago.  Doc. 1 at 6; Doc. 6-6 at 1.

Prior to his detention, he resided in Naples, Florida and lawfully worked in landscaping.  Doc. 1

at 22, 27, 29.  He has a partner, who is pregnant, and two minor children, who "depend on him

emotionally and financially."  *Id.* at 6.  He has no criminal history.  *Id.*

On October 29, 2025, Petitioner was on his way home from work when Immigration and

Customs Enforcement ("ICE") agents arrested and detained him.  *Id.*  He remains detained at the

Torrance County Detention Center.  *Id.* at 4.  At a custody redetermination hearing, an

immigration judge denied him bond on jurisdictional grounds.  Doc. 6-4 at 1.  In February 2026,

the Department of Homeland Security served Petitioner with a Notice to Appear, initiating removal proceedings.  Doc. 6-6 at 1, 4.

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause.  Doc. 1 at 7.  He also argues that the conditions of confinement are inadequate.  *Id.* at 7–8.  He seeks immediate release or, in the alternative, a prompt bond hearing.  *Id.*  The Government opposes the petition.  *See* Doc. 6.

## II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   Analysis

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.    Petitioner's detention violates the INA.

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).  By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country."  *Jennings*, 583 U.S. at 303.  Section 1226(a)

2

authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney

General...pending a decision on whether [they are] to be removed."  Under federal regulations, a

noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of

detention."  *Jennings*, 583 U.S. at 306.

Consistent with the majority of district courts to consider the issue, the Court concludes

that § 1226(a) governs here.[1]  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13

(S.D.N.Y.) (collecting 362 district-court opinions nationwide).  Petitioner has resided and

worked lawfully in the United States for 11 years.  Doc. 1 at 6.  DHS has served him with a

Notice to Appear, initiating full removal proceedings.  Doc. 6-6.  Until the agency completes

those proceedings, there has been no final determination as to "whether [Petitioner] is to be

removed," and detention remains governed by § 1226(a).  *See Jennings*, 583 U.S. at 303.  His

detention without a meaningful bond determination is therefore unlawful under the INA.

Moreover, this Court's prior decisions support the same conclusion.  The Government

concedes that the material facts here are "substantially similar" to those in *Patel v. Noem*, 2026

WL 103163 (D.N.M.), in which the Court concluded that § 1226 governs.  Doc. 6 at 2.  The

Court has reached the same conclusion in numerous similar cases.  *See, e.g.*, *Pu Sacvin v. De

Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at

*3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.).  Because the Government

offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

---

[1] The Second Circuit has held that individuals like Petitioner are entitled to a bond
hearing under 8 U.S.C. § 1226(a).  *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d
Cir. 2026).  The Fifth and Eighth Circuits have reached the opposite conclusion.  *See
Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th
Cir. 2026).  The Tenth Circuit has not yet addressed the question.

**B.**     ***Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude noncitizens is no longer plenary once they enter the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Because § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing" and his detention "constitutes an ongoing violation of [his] right to due process."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).

**C.**     ***The proper remedy is release.***

The Court next considers the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a

4

legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

## IV.    *Conclusion*

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government may not impose any new conditions of release.

2. Unless Petitioner's order of removal becomes final, the Government is enjoined from redetaining him absent a predetention hearing at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within 10 business days of this Order certifying compliance.

4. The Court denies Petitioner's request for a TRO as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.